
Proskauer Rose LLP   Eleven Times Square   New York, NY 10036-8299

June 6, 2018

*By ECF*

The Honorable Lorna G. Schofield
U.S. District Court, Southern District of New York
40 Foley Square
New York, New York 10007

Elise M. Bloom
Member of the Firm
d +1.212.969.3410
f 212.969.2900
ebloom@proskauer.com
www.proskauer.com

Re:   <u>Buckley et al. v. The National Football League</u>, No. 18-cv-03309 (LRS)

Dear Judge Schofield:

We represent The National Football League ("NFL") in the above-referenced matter, in which nine Plaintiffs allege age discrimination under the Age Discrimination in Employment Act (COA 1), the New York State Human Rights Law ("NYSHRL") (COA 2), and the New York City Human Rights Law ("NYCHRL") (COA 3); violations of New York Labor Law ("NYLL") (COAs 4 and 5); "misclassification" as independent contractors under the Fair Labor Standards Act ("FLSA") (COA 6); and claims for pension and welfare benefits under the Employee Retirement Income Security Act ("ERISA") (COAs 7 and 8).

Pursuant to Section III.C.2 of Your Honor's Individual Rules and Procedures, the NFL respectfully submits this letter in anticipation of its proposed motion, pursuant to Fed. R. Civ. P. 12(b)(6), to dismiss:  (1) *all* Plaintiffs' NYCHRL claims because none of them worked or lived in New York City; (2) the NYSHRL claims as to the seven Plaintiffs who did not work or reside in New York State; (3) the NYLL claims as to eight Plaintiffs who did not work in New York State; (4) *all* Plaintiffs' claims for failure to provide wage notices under the NYLL; (5) *all* Plaintiffs' FLSA claims for "misclassification"; and (6) *all* Plaintiffs' ERISA claims. The NFL proposes that it shall file its motion to dismiss within 21 days after the Court's Order addressing this letter; Plaintiffs shall file their opposition within 21 days thereafter; and the NFL shall submit its reply within 14 days after Plaintiffs' opposition is filed.

I.   **Brief Relevant Factual Background**[1]

The nine Plaintiffs performed services as "security representatives" ("SRs") until July 20, 2017. (¶ 12.)[2] During their tenures, Plaintiffs were classified as independent contractors.[3] (*See* ¶¶ 2, 18, 46, 58, 118.) Each of the NFL's 32 teams has an SR who provides "game day services, as well as stadium inspections, prescription drug audits, background checks, and investigative services."

---

[1] Plaintiffs' allegations are assumed to be true solely for purposes of a motion to dismiss.
[2] All "¶" references are to the Complaint (Dkt. 1).
[3] Each Plaintiff entered into a SR Consulting Agreement with the NFL, which provides, *inter alia*, that any dispute arising out of or related to the Agreement or the SR's services shall be submitted to final and binding arbitration. Pursuant to the Court's Rules, the NFL wrote to Plaintiffs' counsel to inquire if Plaintiffs will consent to arbitration in accordance with the terms of their Agreements.  If Plaintiffs do not consent to arbitration, the NFL will move before this Court to dismiss Plaintiffs' claims as a matter of law, and move to compel arbitration of any remaining claims in accordance with Your Honor's Individual Rules and Procedures.

**Proskauer»**

The Honorable Lorna G. Schofield
June 6, 2018
Page 2

Two additional SRs are assigned to Las Vegas and Honolulu, and they primarily provide investigatory services. (¶¶ 2, 44.)

As SR's, Plaintiffs provided services in various states throughout the country. Only one Plaintiff, Don Fuhrman, performed services in New York (Buffalo, New York for the Buffalo Bills), where he also resides. (¶¶ 31-32.) Plaintiff Rodney Davis worked with the New York Jets, based in New Jersey, but resides in New York. (¶¶ 24-25.) The remaining seven Plaintiffs worked and live outside of New York State. (¶¶ 22-23, 26-29; 33-40.)

In April 2017, the NFL solicited proposals for all SR positions. (¶¶ 89, 92.) On July 20, 2017, following the RFP process, Plaintiffs' contracts with the NFL were terminated. (¶ 118.)

## II. All Plaintiffs Fail To State a NYCHRL Claim (COA 3)

None of the Plaintiffs live or worked in New York City. (¶¶ 22-29, 31-40.) It is well-established that a non-resident cannot state a claim under the NYCHRL unless the "impact of the employment action [is] felt *by the plaintiff* in NYC." *Vangas v. Montefiore Med. Ctr.*, 823 F.3d 174, 182 (2d Cir. 2016) (emphasis in original); *see also Hoffman v. Parade Publ'ns,* 15 N.Y.3d 285, 290-92 (2010). The impact requirement "confine[s] the protections of the NYCHRL to those who are meant to be protected—those who work in [New York] [C]ity." *Shkreli v. JPMorgan Chase Bank, N.A.*, 2015 WL 1408840, at *8 (S.D.N.Y. Mar. 27, 2015) (Schofield, J.). Accordingly, Plaintiffs' NYCHRL claims should be dismissed.[4]

## III. Seven of the Plaintiffs Fail To State a NYSHRL Claim (COA 2)

Seven Plaintiffs—Buckley, Di Fonzo, Du Bois, Martin, Ninehouser, Smith, and Welsh—allege that they worked and live outside of New York State. (¶¶ 22-23, 26-29, 33-40.) The NYSHRL, like the NYCHRL, only extends to a non-resident plaintiff if he "felt the impact of discrimination" within the State. *Ghorpade v. MetLife, Inc.*, 2014 WL 7008954, at *3 (S.D.N.Y. Dec. 12, 2014); *see also Hoffman*, 15 N.Y.3d at 291. The NYSHRL claims brought by these seven Plaintiffs should be dismissed.

## IV. Eight of the Plaintiffs Cannot State a NYLL Claim (COAs 4, 5)

Eight Plaintiffs—Buckley, Davis, Di Fonzo, Du Bois, Martin, Ninehouser, Smith, and Welsh—allege that they worked as SRs outside of New York. (¶¶ 22-29, 33-40). The NYLL "does not apply to people who work outside of the State of New York." *Magnuson v. Newman*, 2013 WL 5380387, at *5 (S.D.N.Y. Sept. 25, 2013). Accordingly, the NYLL claims brought by these eight Plaintiffs should be dismissed.

---

[4] The Plaintiffs' SR Consulting Agreements state that the Agreements shall be governed by and construed in accordance with the laws of the State of New York. The Agreement's "governing law" provision does not create a statutory cause of action, nor does it vitiate the extraterritorial jurisdictional limitations of any state statute. *See Warman v. Am. Nat'l Standards Inst.*, 2016 WL 3676681, at *1-2 (S.D.N.Y. July 6, 2016); *Rice v. Scudder Kemper Invests., Inc.*, 2003 WL 21961010, at *5 (S.D.N.Y. Aug. 14, 2003), *aff'd sub nom.*, *Rice v. Wartsila NSD Power Dev., Inc.*, 183 F. App'x 147 (2d Cir. 2006).

### V.     Plaintiffs Cannot State a NYLL Wage Notice Claim (COA 5)

All nine Plaintiffs' claims under the NYLL's Wage Theft Prevention Act ("WTPA") fail. Plaintiffs allege that the NFL did not provide them with the required wage notices when the NFL first engaged them as SRs anywhere from 11 to 49 years ago. (¶¶ 46, 81.) Plaintiffs overlook the critical fact that the WTPA did not take effect until April 9, 2011 and does not apply retroactively. *Gold v. N.Y. Life Ins. Co.*, 730 F.3d 137, 143-44 (2d Cir. 2013). Following *Gold*, courts within this Circuit have dismissed WTPA claims brought by employees hired before April 9, 2011. *See, e.g., Krupinski v. Laborers E. Region Org'g Fund*, 2017 WL 3267764, at *6 (S.D.N.Y. July 31, 2017). Thus, Plaintiffs' WTPA claims should be dismissed.

### VI.    Plaintiffs Do Not Allege an Actionable Violation of the FLSA (COA 6)

Plaintiffs assert a claim for "misclassification" under the FLSA, but do not allege that they are owed any unpaid wages (*i.e.*, minimum wage or overtime) under 29 U.S.C. §§ 206 or 207. Instead, Plaintiffs seek "unpaid benefits" pursuant to 29 U.S.C. § 216(b) due to their classification as independent contractors. (¶¶ 161-62.) This is not a cognizable basis for relief under the FLSA because the statute's remedies are limited to unpaid minimum wage, unpaid overtime and liquidated damages equivalent to those unpaid wages. Plaintiffs' FLSA claims therefore fail as a matter of law and should be dismissed.

### VII.   Plaintiffs' ERISA Claims Fail as a Matter of Law (COAs 7, 8)

Plaintiffs' claims for pension and welfare benefits under ERISA § 502, 29 U.S.C. § 1132 should be dismissed for multiple reasons.[5]  First, they are barred by the six-year limitations period that was triggered when each of the Plaintiffs contracted with the NFL as consultants between 11 to 49 years ago, (¶ 2), and during that period did not receive any employee benefits or "proper wage statements." (¶¶ 81). *See, e.g., Reches v. Morgan Stanley & Co.*, 2016 WL 4530460, at *3 (E.D.N.Y. Aug. 29, 2016), *aff'd*, 687 F. App'x 49, 50 (2d Cir. 2017); *Downes v. JP Morgan Chase & Co.*, 2004 WL 1277991, at *3 (S.D.N.Y. June 8, 2004). In addition, Plaintiffs have not exhausted their administrative remedies, and their conclusory assertions of futility are meritless. *See, e.g., Kennedy v. Empire Blue Cross & Blue Shield*, 989 F.2d 588, 592-96 (2d Cir. 1993); *Abe v. New York Univ.*, No. 14-cv-9323 (RJS), 2016 WL 1275661, at *4-5 (S.D.N.Y. Mar. 30, 2016).

Respectfully submitted,

*/s/ Elise M. Bloom*
Elise M. Bloom

---

[5] As a threshold matter, Plaintiffs do not even name a proper defendant concerning their pension claim. *See, e.g., Crocco v. Xerox Corp.*, 137 F.3d 105, 107 (2d Cir. 1998) (only the plan and plan administrator may be liable in a claim for benefits).  While Plaintiffs do not specify the subsection of ERISA § 502 pursuant to which they seek benefits, the only subsection under which they appear to seek relief is ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B).