Proskauer Rose LLP   Eleven Times Square   New York, NY 10036-8299

October 15, 2018

Elise M. Bloom
Member of the Firm
d +1.212.969.3410
f 212.969.2900
ebloom@proskauer.com
www.proskauer.com

**Via ECF**

The Honorable Lorna G. Schofield
United States District Judge
U.S. District Court, Southern District of New York
500 Pearl Street
New York, New York 10007

Re: *Buckley et al. v. The National Football League*, No. 18-cv-03309 (LGS)

Dear Judge Schofield:

      We write on behalf of Defendant the National Football League ("Defendant") to request that the Court stay ESI discovery until the resolution of Defendant's pending motion to compel arbitration and Defendant's forthcoming motion to dismiss a substantial portion of Plaintiffs' claims once the forum for the adjudication of this case has been decided.[1]  We are also requesting a four-week extension until November 16, 2018 to complete hard copy document production.  Good cause exists for these requests.  As to hard copy discovery, the parties have been diligently working to meet the existing deadline to complete their document productions but would like additional time to complete production and resolve and/or narrow the discovery disputes for this Court's review.  As to ESI, the outcome of the motion to compel arbitration and the anticipated motion to dismiss could limit Plaintiffs' claims, which would substantially impact the breadth and scope of ESI discovery.  In light of the unique posture of this case, a stay of ESI is warranted to minimize unnecessary expense and undue burden as to further ESI discovery at this time.  Plaintiffs consent to the four-week extension for the parties to conclude hard copy discovery but at the time of submission of this letter, they do not consent to a stay of ESI discovery.  The reasons for these requests are further set forth below.

      On July 24, 2018, Defendant moved to compel arbitration of all of Plaintiffs' claims in this case.  (*See* Dkt. 29.)  That motion was fully submitted on September 21, 2018.[2]  By Order

---

[1]     At this time, Defendant's contemplated motion to dismiss would include: (i) all Plaintiffs' claims under federal and state wage-and-hour laws (COAs 4, 5, 9, 11, 14, 16, 18); (ii) all Plaintiffs' claims under ERISA (COAs 6, 7); (iii) all Plaintiffs' breach of contract claims because they are preempted by ERISA (COA 19); (iv) the federal and state discrimination and wage-and-hour law claims for four of the nine Plaintiffs who contracted with Defendant on behalf of their own businesses (COAs 1-5, 8, 9, 12-14); and (v) the state discrimination law claims brought by five of the nine Plaintiffs who did not exhaust their administrative remedies with their respective state agencies before filing the instant lawsuit (COAs 10, 12, 15, 17).

[2]     Although the motion to compel arbitration was originally scheduled to be fully briefed on August 24, 2018, Defendant agreed to provide Plaintiffs' counsel two separate extension requests to submit their opposition to accommodate Plaintiffs' counsel's vacation schedules and an unexpected death in the family during the month of August.  (*See* Dkt. 35, 39.)

**Proskauer**»

The Honorable Lorna G. Schofield
October 15, 2018
Page 2

dated June 21, 2018, this Court instructed Defendant to limit its preliminary motion to the motion to compel arbitration, and to hold-off on answering the complaint or otherwise filing a motion to dismiss addressing the merits of the currently-asserted claims. (*See* Dkt. 23-24.) Defendant had also requested a stay of all discovery pending resolution of the motion to compel. (*See* Dkt. 21.) The Court ordered document discovery and interrogatories to proceed and be completed by October 19, 2018, and stayed all discovery as to Plaintiffs' ERISA claims. (*See* Dkt. 24, 26.)

The parties have been working diligently on discovery matters. Each side has served document requests and interrogatories and responses. After exchanging deficiency letters, on October 8, 2018, the parties conducted a telephonic meet and confer to attempt to resolve their respective disputes. Since the meet and confer, the parties have continued to work to resolve any remaining issues and in the event the disputes cannot be resolved, the parties will raise any outstanding discovery issues with the Court in accordance with this Court's Individual Rules of Practice. The parties, however, believe that an extension of the hard copy document production deadline to November 16, 2018 will allow the parties to complete their respective document productions and resolve and/or narrow additional discovery disputes.

The parties have also negotiated and submitted a protective order, which the Court so ordered on October 12 and have begun producing hard copy documents, which they will continue to do on a rolling basis. Accordingly, the parties respectfully request that the Court extend the deadline for hard copy document productions until November 16, 2018 to allow the parties to complete their hard copy productions.

With regard to ESI discovery, the parties stated in their August 20, 2018 status letter that ESI would, in all likelihood, not be completed by October 19, 2018. (*See* Dkt. 36.) The parties have identified the ESI custodians and agreed on an ESI protocol, and Plaintiffs' counsel has proposed search terms. While Plaintiffs' counsel has said that they would narrow the scope of their search terms, even if the search terms were narrowed, proceeding with further ESI at this point would be expensive and any searches and search terms might have to be substantially revised depending on the outcome of Defendant's motion to dismiss.

Given the current status of the case, where both the forum for adjudication and the claims at issue remain open to initial case motion practice, Defendant, who bears the lion's share of the burden and expense for ESI, is requesting that ESI discovery be stayed to avoid unnecessary and very expensive discovery costs, and the need to conduct multiple ESI searches and reviews. Once the forum is determined, as previewed for the Court in Defendant's motion to compel arbitration (*see* Dkt. 30 at 5, n.4), whether in Court or arbitration, Defendant intends to file a broad motion to dismiss, as Defendant believe there are serious deficiencies in Plaintiffs' claims as a matter of law. The resolution of that motion will impact future events in the case and depending on its outcome, could result in total dismissal or in an amended complaint or arbitration demand. The outcome of all these events may further limit the ESI custodians and will drive the search terms to be used for any ESI discovery.

**Proskauer»**

The Honorable Lorna G. Schofield
October 15, 2018
Page 3

      As a result of the foregoing, Defendant requests that ESI discovery be stayed pending the outcome of the motion to compel arbitration and any motions to dismiss.

      Defendant thanks the Court for its consideration of its requests, and respectfully requests that the Court grant the parties a four-week extension of the October 19, 2018 deadline for the completion of hard copy document production and a stay of ESI discovery. Defendant is available to attend a conference at the Court's convenience to discuss these issues, if warranted.

Respectfully submitted,

*/s/ Elise M. Bloom*

Elise M. Bloom

cc: Counsel of Record (via ECF)