UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------X
                                                  :

JAMES BUCKLEY et al., on behalf of       :
themselves and all others similarly situated,   :

                                 Plaintiffs,   :        18 Civ. 3309 (LGS)
                                                    :

                    -against-          :            ORDER
                                                    :

THE NATIONAL FOOTBALL LEAGUE,       :
                                                    :

                                 Defendant.  :
-----------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

        WHEREAS, on November 23, 2020, the parties filed a letter motion for approval of a proposed settlement (Dkt. No. 81) of Plaintiffs' claims against Defendant for alleged violations of the Fair Labor Standards Act, 28 U.S.C. § 201, *et seq.* ("FLSA"), the New York Labor Law § 190 *et seq.*, N.J.S.A. 34:11-4.1 *et seq.*, Md. Code Labor and Employment §3-501 *et seq.*, Mich. Comp. Laws §408.471 *et seq.*, Penn. Stat. Ann. § 231.1 *et seq.* and Nev. Rev. Stat. § 608.005 *et seq.* (collectively, the "Wage and Hour Claims").  It is hereby

        **ORDERED** that the settlement of Plaintiffs' FLSA claims, as set forth in their individual settlement agreements (the "Settlement Agreements," Dkt. Nos. 81-3 to -11), is **APPROVED** as fair and reasonable based on the nature and scope of Plaintiffs' claims and the risks and expenses involved in additional litigation.  *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206–07 (2d Cir. 2015); *Wolinsky v. Scholastic, Inc.*, 900 F. Supp. 2d 332, 335–36 (S.D.N.Y. 2012) (outlining the factors that district courts have used to determine whether a proposed settlement is fair and reasonable).  It is further

        **ORDERED** that Plaintiffs' counsel's request for $15,000.00 is **GRANTED**.  The remainder of the settlement shall be distributed to Plaintiffs pursuant to the Settlement Agreements.  It is further

**ORDERED** that the Wage and Hour Claims are dismissed with prejudice pursuant to the Settlement Agreements, without costs to any party or against any other party except as stated in the Settlement Agreements.

The Clerk of Court is respectfully directed to close the docket entry at #81.

Dated: December 8, 2020
       New York, New York

L<small>ORNA</small> G. S<small>CHOFIELD</small>
U<small>NITED</small> S<small>TATES</small> D<small>ISTRICT</small> J<small>UDGE</small>

2